UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**LEE GRONE GREENE, III**                                                             **PLAINTIFF**

**V.**                     **NO. 2:20CV00073 DPM-JTR**

**COMMISSIONER of**
**SOCIAL SECURITY ADMINISTRATION**                     **DEFENDANT**

### RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States Chief District Judge D.P. Marshall, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**I.  Introduction:**

Plaintiff Lee Grone Greene, III, ("Greene") applied for disability insurance benefits on May 22, 2018, alleging disability beginning on July 31, 2014.[1] (Tr. at 10). After conducting a hearing, the Administrative Law Judge ("ALJ") denied his application. (Tr. at 21). The Appeals Council denied Greene's request for review.

---

[1] Greene is proceeding *pro se* in this case.

(Tr. at 1). Thus, the ALJ's decision now stands as the final decision of the Commissioner. Greene has filed a Complaint seeking judicial review from this Court.

For the reasons stated below, the Court concludes that the Commissioner's decision should be affirmed.

## II.  The Commissioner's Decision:

The ALJ found that Greene had not engaged in substantial gainful activity from his alleged onset date of July 31, 2014 through his date last insured of September 30, 2019.[2] (Tr. at 12). At Step Two, the ALJ found that Greene had the following severe impairments: pancreatitis, headaches, blisters on his feet, bipolar disorder, and post-traumatic stress disorder ("PTSD"). *Id.*

After finding that Greene's impairments did not meet or equal a listed impairment (Tr. at 13), the ALJ determined that Greene had the residual functional capacity ("RFC") to perform work at the medium exertional level, except that: (1) he is limited to unskilled rote activity, whereupon he can understand, follow, and remember concrete instructions; (2) he can have only superficial interaction with supervisors and coworkers, with the ability to meet, greet, and give simple instructions; and (3) he can have only limited contact with the public, and should not

---

[2] For disability insurance benefits, the claimant must establish disability beginning before the date he was last insured, which is based upon eligible quarters of coverage in his earnings record. (Tr. at 10).

work as a cashier. (Tr. at 14).

The ALJ found that Greene was unable to perform any of his past relevant work. (Tr. at 19). At Step Five, the ALJ relied on the testimony of a Vocational Expert ("VE") to find that, based on Greene's age, education, work experience and RFC, jobs existed in significant numbers in the national economy that he could perform, including work as a machine operator and kitchen helper. (Tr. at 20). Thus, the ALJ found that Greene was not disabled. *Id*.

### III. Discussion:

    A.   Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

3

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

The United States Supreme Court recently held that "whatever the meaning of 'substantial' is in other contexts, the threshold for such evidentiary sufficiency [in Social Security Disability cases] is not high. Substantial evidence…is more than a mere scintilla. It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477.

B.  Greene's Arguments on Appeal

Greene does not set forth in his brief specific legal arguments objecting to the ALJ's decision. The Court construes his brief as alleging generally that the RFC did not fully incorporate Greene's limitations. After reviewing the record as a whole, the Court concludes that the ALJ did not err in denying benefits.

Greene, a veteran, alleged he suffered from pancreatitis, headaches, bipolar disorder, PTSD, feet blisters, and sleep apnea. (Tr. at 183). The ALJ noted that up

4

until a few months before the hearing, Greene self-medicated with alcohol, which compounded his pancreatitis and PTSD. (Tr. at 13-17). Greene and his wife both stated that drinking alcohol was a contributing factor to limitations arising from his impairments, and the ALJ specifically asked Greene about his alcohol use at the hearing. (Tr. at 36, 52, 258, 382); (Doc. No. 20 at 2). Greene's VA doctor said in 2018 that alcohol counseling was not needed. (Tr. at 439). However, Greene did attend residential alcohol treatment in 2019, and he said he quit drinking completely as of August 2019. (Tr. at 36, 52, 606, 675) The ALJ found that the inpatient alcohol abuse treatment was effective in curtailing Greene's drinking, so alcohol abuse was not a severe impairment at Step Two. (Tr. at 13). The ALJ sufficiently addressed Greene's past alcohol use.[3] (Tr. at 13).

Records reflect that Greene suffered from abdominal pain related to a pancreatic head mass, but Greene stated in August 2018 that he had only occasional stomach discomfort. (Tr. at 15-16, 392, 599).

As for blistering on his feet, Greene's doctor recommended only conservative treatment, including lidocaine cream and a topical antibiotic. (Tr. at 274, 672). The

---

[3] An ALJ must show he has considered alcohol or drug use and then must follow the two-step *Brueggemann* analysis: 1) assessing all symptoms including those related to alcohol or drug use; and 2) determine if the alcohol or drug use is a material contributing factor to disability. *See Brueggemann v. Barnhart*, 348 F.3d 689, 695 (8th Cir. 2003); *Kluesner v. Astrue*, 697 F.3d 533 (8th Cir. 2010).

need for only conservative treatment contradicts allegations of disabling conditions. *Smith v. Shalala*, 987 F.2d 1371, 1374 (8th Cir. 1993). Greene also alleges problems from sleep apnea, but he did not require more than conservative care for that issue, and he did not seek specialized treatment for sleep apnea.

Greene admitted that he did not like to take medication and his wife testified that he only treated headaches with BC powder. (Tr. at 50-53, 329).

Records show that in 2016, he had "good overall control" of his PTSD. (Tr. at 272). At several visits with his PCP and psychologist, Greene had negative screens for depression and PTSD and denied anxiety. (Tr. at 259, 272). He had mostly normal mental status examinations. (Tr. at 338-339, 674-677). Normal clinical findings may support an ALJ's decision to deny benefits. *Gowell v. Apfel*, 242 F.3d 793, 796 (8th Cir. 2001). In February 2019, Greene told his psychologist that he was "pretty good" (Tr. at 779). He said that Trazodone helped with sleep and mitigated nightmares. (Doc. No. 20 at 3). Greene required no inpatient psychiatric hospitalizations.

Greene points to a 100% VA disability rating (arising from headaches and PTSD) as a basis for awarding him disability benefits. (Tr. at 32, 297). The Administration is not bound by the disability ratings of another agency, especially when the record does not justify a disability finding. *Pelkey v. Barnhart*, 433 F.3d

575, 580 (8th Cir. 2008); *Morrison v. Apfel*, 146 F.3d 625, 628 (8th Cir. 1998). The ALJ discussed the VA rating, and, giving it some consideration, he limited Greene to unskilled work. (Tr. at 17).

A claimant's RFC represents the most he can do despite the combined effects of all of his credible limitations and must be based on all credible evidence. *McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011). In determining the claimant's RFC, the ALJ has a duty to establish, by competent medical evidence, the physical and mental activity that the claimant can perform in a work setting, after giving appropriate consideration to all of his impairments. *Ostronski v. Chater*, 94 F.3d 413, 418 (8th Cir. 1996). An ALJ is not required to include limitations in the RFC that are not supported by the evidence in the record. *McGeorge v. Barnhart*, 321 F.3d 766, 769 (8th Cir. 2003).

The ALJ considered Greene's improvement subsequent to conservative treatment, the lack of psychiatric treatment until the end of the relevant time-period, and Greene's ability to perform a limited range of daily activities (like making simple meals, driving, shopping for liquor and cigarettes, watching TV, and playing cards). (Tr. at 189-196, 335-338). The ALJ also referenced the Disability Determination Services experts' opinions, and found their statements that Greene could perform skilled work to be unpersuasive. (Tr. at 18, 63-82). This shows that

the ALJ did give some weight to Greene's subjective complaints when he formulated the RFC. The ALJ also discussed the opinions of the two consultative medical examiners, which explained that Greene would not be significantly limited in a work environment. (Tr. at 329-339). The Court concludes that the RFC determination and the decision to deny benefits were fairly based upon evidence in the record as a whole.

**IV.    Conclusion:**

There is substantial evidence to support the Commissioner's decision that Greene was not disabled. The RFC properly incorporated all of Greene's credible limitations.

IT IS THEREFORE RECOMMENDED that the Commissioner's decision be AFFIRMED and that judgment be entered for the Defendant.

DATED this 1st day of April, 2021.

_____
UNITED STATES MAGISTRATE JUDGE